UNITED STATES of America,
Plaintiff–Appellee,

v.

Silverio DIAZ–GONZALEZ,
Defendant–Appellant.

No. 99–10349.

D.C. No. CR–98–00589–RGS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2000.

Decided March 19, 2001.

Before O'SCANNLAIN, LEAVY, and GOULD, Circuit Judges.

## ORDER

This case is hereby resubmitted as of March 15, 2001.

## MEMORANDUM *

Silverio Diaz–Gonzalez appeals his conviction of attempted entry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291 and we reverse and remand.

## FACTS AND PRIOR PROCEEDINGS

In 1987, following a California conviction of possession of heroin and cocaine for purposes of sale, Diaz–Gonzalez was deported from the United States under alien registration number A27570347. In 1990, Diaz–Gonzalez's conviction for his drug felony was set aside pursuant to § 1203.4 of the California Penal Code. The set-aside order stated that it did "not relieve a person of the obligation to disclose the conviction in response to any direct question contained in any questionnaire." In 1996, Diaz–Gonzalez submitted an Application to Register Permanent Residence or Adjustment of Status using alien registration number A72298998 and the last name Diaz de Gonzalea. On the questionnaire attached to the application, Diaz–Gonzalez did not disclose his drug trafficking conviction and deportation. As a result of the application, the Immigration and Natural-

ization Service issued Diaz–Gonzalez an Authorization for Parole of an Alien into the United States ("letter of authorization") with the alien registration number A72298998.

In July 1998, after he presented a Mexican passport to the customs inspector at the San Luis Port of Entry in the District of Arizona, Diaz–Gonzalez was sent to secondary inspection. Record checks revealed his previous deportation. Diaz–Gonzalez was arrested and charged with one count of attempted reentry after deportation in violation of 8 U.S.C. § 1326 and one count of fraud and misuse of documents in violation of 18 U.S.C. § 1546(a).

During the bench trial, the district court granted the government's motion *in limine* to exclude evidence, including the letter of authorization, proffered by the Diaz–Gonzalez to establish his "good faith belief" that he had permission to reenter. The government argued and the court agreed that such evidence should be excluded, because the letter was not the express consent of the Attorney General required by § 1326, and because good faith or reasonable belief was not a defense to the crime of reentry after deportation. Subsequently, the judge convicted Diaz–Gonzalez on both counts [1] and denied his motion for a new trial.

## ANALYSIS

8 U.S.C. § 1326(a), Reentry of Removed Aliens, provides:

Subject to subsection (b) of this section, any alien who—... (2) enters, attempts to enter, or is at any time found in, the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Diaz–Gonzalez does not challenge his conviction of a violation of 18 U.S.C. § 1546(a).

United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act … shall be fined under Title 18, or imprisoned not more than 2 years or both.

On appeal, Diaz–Gonzalez makes four arguments in support of his challenge to his conviction of attempted reentry in violation of § 1326. We consider each below.

### 1. Set–Aside of Conviction.

■ Diaz–Gonzalez's first contention is that the state of California's set-aside of his drug trafficking conviction exempted him from the requirement that he obtain the Attorney General's express consent for reentry. Although "a conviction for a crime involving moral turpitude may not support an order of deportation if it has been expunged," there is an exception to this rule for drug-related offenses, such as Diaz–Gonzalez's. *Paredes–Urrestarazu v. INS*, 36 F.3d 801, 812 (9th Cir.1994). Therefore, the state set-aside of Diaz–Gonzalez's drug trafficking conviction does not alter his reentry requirements under the federal statute.

### 2. Letter of Authorization.

■ Diaz–Gonzalez asserts that the letter of authorization satisfied the requirements of § 1326(a). Assuming for purposes of this argument that Diaz–Gonzalez did not fraudulently obtain the letter of authorization, it does not meet the requirements of § 1326(a) and the regulations promulgated thereunder. *See* 8 C.F.R.

§ 212.2 (alien must remain outside United States for 20 years). Thus, his second contention fails.

### 3. Retroactive Application of § 440(d).

■ Diaz–Gonzalez contends that § 440(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") "cannot apply retroactively" to certain aliens seeking adjustment of status. Section 440(d) became effective April 24, 1996, and modified 8 U.S.C. § 1182(c) to divest the Attorney General of authority to waive deportation for aliens convicted of certain crimes. Retroactive application of § 440(d) concerns aliens who had deportation proceedings pending at the time of enactment of the AEDPA. *See, e.g., Magana–Pizano v. INS*, 200 F.3d 603 (9th Cir.1999). Diaz–Gonzalez was deported an August 26, 1987, nearly nine years before § 440(d) became effective. Therefore, his argument lacks merit.

### 4. Specific Intent.

■ Diaz–Gonzalez argues that the district court erred in excluding the letter of authorization because it was evidence of his good faith belief that his reentry was legal. While this appeal was pending, we held in *United States v. Gracidas–Ulibarry*, 231 F.3d 1188, 1196 (9th Cir.2000) (en banc) that "attempted illegal reentry is a crime of specific intent." That is, "a conviction for attempt to reenter the United States without the consent of the Attorney General under U.S.C. § 1326 requires a finding that the defendant consciously desired to reenter the United States without consent." *Id.* at 1198. Thus, the district court committed constitutional error when it failed to find that Diaz–Gonzalez had the requisite specific intent. This failure would constitute harmless error if we conclude that it is "clear beyond a reasonable doubt" that the judge "would have found

the defendant guilty absent the error." *Neder v. United States*, 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); *Gracidas–Ulibarry*, 231 F.3d at 1197.

On this record, we cannot conclude that the error was harmless. If Diaz–Gonzalez mistakenly believed that he did not need the Attorney General's consent because of the set-aside of his conviction this may be relevant to whether Diaz–Gonzalez lacked the specific intent necessary to sustain his conviction. In addition, we do not know if the letter of authorization was obtained by fraud. If not fraudulently obtained, the letter may provide further evidence for a defense of good faith belief. Therefore, we reverse Diaz–Gonzalez's conviction of a violation of 8 U.S.C. § 1326 and remand for further proceedings consistent with this disposition.

REVERSED AND REMANDED.

